```
             IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
JOSE ALEMAN, et al.,
                                  *

                                  *
     Plaintiffs,
v.                                *     CIVIL NO.: WDQ-04-4022

CHUGACH SUPPORT SERVICES,         *
INC., et al.,
                                  *
     Defendants.                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Jose Aleman, Cesar Basilis, James Blasic, Carlos Borrayo, and Mario Rodas have sued Chugach Support Services, Inc. and Chugach Alaska Corporation for national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII)[1] and 42 U.S.C. § 1981 of the United States Code[2]. Pending are the Defendants' motion to dismiss the Plaintiffs' amended complaint for failure to state a claim[3] and the Plaintiffs' motion for leave to file surreply. For the following reasons, the Defendants' motion to dismiss will be granted as to arbitrable

---

[1] 42 U.S.C. §§ 2000e et seq. (2005).

[2] 42 U.S.C. §1981 (2005).

[3] The Defendants' motion failed to address all the Plaintiffs' claims. One of the claims that Defendants do not address is the Plaintiffs' state discrimination claim under Article 49B of the Maryland Code.

1

claims and denied in all other respects, and the Plaintiffs' motion for leave to file surreply will be denied.

## I. BACKGROUND

The Plaintiffs are former employees of Chugach Support Services, Inc., a subsidiary of Chugach Alaska Corporation. *See* Amended Complaint at ¶¶4-10. With the exception of Blasic, a Caucasian male, the Plaintiffs are Hispanic. *See id.* at ¶¶ 4-8. Plaintiffs Aleman, Basilis, Borrayo and Rodas allege that they were discriminated against based upon their national origin. *See id.* at ¶¶ 12, 13, 16, 17, 18. They allege that they were subjected to a hostile work environment, discriminatory terms and conditions of employment, unequal compensation and unlawful termination. *See id.* Plaintiff Blasic alleges that he was terminated in retaliation for his opposition to the discriminatory practices. *See id.* at ¶37.

The Plaintiffs filed timely charges with the Equal Employment Opportunity Commission and were issued right to sue letters. *See id.* at ¶11.

On December 27, 2004, the Plaintiffs brought this suit.

## II. LEGAL DISCUSSION

A.      Motion to Dismiss

1.  Standard of Review

A Fed.R.Civ.P. 12 (b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under

2

any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v.* Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993). If any possible basis for relief has been pled, the Court must deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979); *Swierkiewicz*, 534 U.S. at 514.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action. *Id*.

2. Arbitration Provision

The Defendants contend that the claims of Aleman and Basilis must be dismissed for lack of subject matter jurisdiction. Specifically, they argue that these claims are subject to arbitration procedures outlined in the Collective Bargaining Agreement ("CBA").

The Federal Arbitration Act does not "mandate arbitration

of all claims, but merely the enforcement...of privately negotiated arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985). There is a "healthy regard for the federal policy favoring arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Co.*, 460 U.S. 1, 24 (1983).

The CBA's arbitration clause provides:

> Section 1. The parties hereto have provided below, in the following Sections of this Article, a procedure for final and binding resolution of a dispute, disagreement, or violation involving the interpretation or application of the provisions of this Agreement (hereafter called a "grievance"), arising during the term of this Agreement between an Employer and the Union and/or an Employee grievance **shall include any claim by an employee that he has been subjected to discrimination under Title VII of the Civil Rights Act of 1964, as amended,**[...] and/or all other federal, state, and local anti-discrimination laws. (Emphasis added).

*See* Mot. Dism. Exhibit 3 at p. 42.

Moreover, Section 2 mandates that "any grievance between an Employer and the Union and/or an employee represented by the Union...shall be resolved in accordance with the following provisions of this Article[...] if the parties are unable to resolve a dispute hereunder,[...] all such disputes shall be submitted to arbitration." *See id.* at pp. 48-49. As this agreement provides a "clear and unmistakable waiver of the Plaintiffs' rights to pursue these claims, these claims will be dismissed.[4]  *See*

---

[4]The Plaintiffs have also filed a motion for leave to amend its complaint to add the Mid-Atlantic Regional Council of Carpenters ("MARCC") as a party. As Aleman and Basilis' claims against MARCC are subject to the CBA, the Plaintiffs' motion will

4

*Safrit v. Cone Mills Corp.*, 248 F.3d 306, 308 (4th Cir. 2001), *citing Carson v. Giant Food, Inc.*, 175 F.3d 325, 332 (4th Cir. 1999) (a clear and unmistakable waiver is an arbitration clause in which the parties agree to submit to arbitration all federal causes of action arising out of employment)).

       3.  Title VII: National Origin Discrimination

Title VII provides that it "shall be unlawful to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's [...] national origin." 42 U.S.C. §§ 2000e-2(a).

       (A)  Hostile Work Environment

Borrayo and Rodas claim that the Defendants subjected them to a hostile work environment based upon their national origin.

To establish a hostile work environment claim based upon national origin, an employee is required to prove: (1) he was harassed based on national origin; (2) the harassment was unwelcome; (3) harassment was sufficiently severe or pervasive to alter the employee's conditions of employment and to create an abusive work environment; and (4) some basis exists to impute liability to the employer. *Hartsell v. Duplex Prods., Inc.*, 123

---

be denied.

F.3d 766, 772 (4th Cir. 1997).

The Defendants contend that dismissal is warranted because the alleged incidents of harassment were not severe or pervasive.

To determine whether the harassment is severe enough to create a hostile work environment, a court should consider: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; (4) whether it unreasonably interferes with an employee's work performance; and (5) whether it resulted in psychological harm. *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993).

Although the Defendants cite multiple cases to support their assertion that the Plaintiffs' complaint cannot meet these factors, nearly all of the cases it relies upon were disposed of on grounds other than a motion to dismiss.  To survive a motion to dismiss, the Plaintiffs need not provide all the facts surrounding their claims. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Instead, they simply must allege a short and plain statement of the claim that contains enough facts for the Court to infer each element of their cause of action. *See* FED. R. CIV. P. 8(a)(2).  The Plaintiffs allege that they were subjected to several incidents which negatively affected their working conditions including, but not

6

limited to, a longstanding English only rule, derogatory statements about Hispanics made by supervisors and separate meal areas for Hispanic and non-Hispanic employees.  *See* Amended Complaint at ¶¶13, 16, 17.  As the complaint alleges that the examples given were merely illustrative, the Court can infer that the "severe or pervasive" element of the Plaintiffs' hostile work environment claim may be present.  *See Riley v. Buckner*, No. 00-1048, 2001 U.S. App. LEXIS 240, at *8 ( 4th Cir. Jan. 8, 2001 ) ("We are satisfied that general allegations, coupled with a specific example are sufficient, though barely, to survive a motion to dismiss").

 (B) English Only Rule

Rodas and Borrayo contend that the Defendants adopted an English speaking only rule which constitutes both disparate treatment and disparate impact discrimination.[5]

  (i) Disparate Treatment

The elements of a disparate treatment claim under Title VII and Section 1981[6] are: (1) membership in a protected class;(2) satisfactory performance of job duties;(3) adverse employment action; and (4) adverse employment action occurring "under

---

[5]As Plaintiff Rodas, not Borrayo, was allegedly terminated based upon his violation of the English only rule, he appears to have the only viable disparate treatment claim.

[6]The elements of a prima facie case are identical under Title VII and Section 1981. *Gairola v. Virginia Dept. of Gen. Servs.*, 753 F.2d 1281, 1285 (4th Cir. 1985).

circumstances which give rise to an inference of unlawful discrimination." *E.E.O.C. v. Sears Roebuck & Co.*, 243 F.3d 846, 851 (4th Cir. 2001).

The Defendants contend that this claim must fail because Rodas cannot establish that he was discriminated against because of his national origin.  Specifically, the Defendants argue that an English only rule does not constitute discrimination based upon national origin.  This argument, however, is unpersuasive.

Although Title VII does not provide an employee with a right to speak his native tongue while on the job, *Long v. First Union Corp. of Virginia*, 894 F.Supp. 933, 941 (E.D. Va. 1995), *aff'd*, 86 F.3d 1151 (4th Cir. 1996), an employer may not use an English only policy intentionally to discriminate against a person of a particular national origin. *Velasquez v. Goldwater Memorial Hospital*, 88 F. Supp. 2d 257, 263 (S.D.N.Y. 2000).  Rodas has sufficiently alleged that the Defendants adopted the rule to discriminate against Hispanics.  *See* Amended Complaint at ¶17.  Whether the Defendants' policy was used intentionally to discriminate against its Hispanic employees is not to be resolved on this Motion to Dismiss.  *See Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)(12(b)(6) motion tests the sufficiency of a complaint, it does not resolve contests surrounding the facts).

(ii) Disparate Impact Discrimination

Title VII's prohibition includes "not only overt discrimination but also practices that are fair in form, but discriminatory in operation--disparate impact discrimination." *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971).

The inquiry under a disparate impact claim is whether a facially neutral employment practice, applied equally to all individuals, falls more harshly on one group than another and cannot be justified by a business necessity. *Teamsters v. United States*, 431 U.S. 324, 335-36(1977). English-only policies tend to affect people whose national origin is from non-English speaking countries more heavily than it affects others. *EEOC v. Synchro-Start Prods., Inc.,* 29 F. Supp. 2d 911, 912 (N.D. Ill. 1999).

Contrary to the Defendants' assertions, the Plaintiffs have sufficiently alleged a disparate impact claim. They allege that the English only rule, unjustified by business necessity, disparately affects the Hispanic employees by altering the terms and conditions of their employment. *See* Amended Complaint at ¶¶12, 13, 16, 17. As stated above, although the Plaintiffs do not have a right to speak Spanish at work, if the Defendants used this policy to alter the terms and conditions of its Hispanic employees, Title VII has been violated.

4.   Retaliation

The elements of a retaliation claim are: (1) engagement in a protected activity; (2) adverse employment action by the employer; and (3) a causal connection between the protected

activity and the asserted adverse action. *Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001).

Blasic alleges that he was terminated one week after opposing the Defendants' discriminatory practices. The Defendants allege that Blasic's claim must fail because no actionable discrimination occurred. Even assuming that the Defendants did not discriminate against its Hispanic employees, Blasic's retaliation claim survives. To prevail under his retaliation claim, Blasic need only prove that he in good faith believed that he was opposing discriminatory conduct. *See Peters v. Jenney*, 327 F.3d 307, 321 (4th Cir. 2003)(a Title VII oppositional retaliation claimant need only show a good faith belief of discrimination, not that the underlying claim of discrimination was in fact meritorious).

B. Motion for Leave to File Surreply

Plaintiffs have moved for leave to file a surreply alleging that the Defendants' Reply brief contained misstatements of material facts. *See generally*, Plaintiffs' Mot. for Leave. Because these alleged misstatements were not dispositive, Plaintiffs' motion for leave to file a surreply memorandum will be denied as moot.

CONCLUSION

For the reasons discussed above, the Defendants' motion to dismiss will be granted as to arbitrable claims and denied in all other respects, the Plaintiffs' motion to file surreply will be denied as moot, and the Plaintiffs' motion to file a second amended complaint will be denied.


<u>November 7, 2005</u>                   _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge