IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
JOSE ALEMAN, et al.,
                              *

                              *
      Plaintiffs,
v.                            *     CIVIL NO.: WDQ-04-4022

CHUGACH SUPPORT SERVICES,     *
INC., et al.,
                              *
      Defendants.             *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Jose Aleman, Cesar Basilis, James Blasic, Carlos Borrayo, and Mario Rodas have sued Chugach Alaska Corporation ("CAC") and Chugach Support Services, Inc. ("CSSI") for national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[1], 42 U.S.C. § 1981 of the United States Code[2],and Article 49B of the Maryland Code[3].

On May 25, 2005, the Defendants moved for dismissal of all claims. On November 7, 2005, the Court partially granted the Defendants' motion by dismissing the claims of Aleman and Basilis for lack of subject matter jurisdiction.  The remaining Plaintiffs are Blasic, Borrayo and Rodas.

---

[1]42 U.S.C. §§2000e *et seq.* (2006).

[2]42 U.S.C. §1981 (2006).

[3]MD. ANN. CODE art. 49B §14 *et seq.* (2006).

1

Pending are the Plaintiffs' motion for reconsideration, the Defendants' motion to strike, the Defendants' motion for summary judgment, Blasic's cross motion for summary judgment, and the Plaintiffs' motion for leave to file a surreply.

For the following reasons, the Plaintiffs' motion for reconsideration, the Defendants' motion to strike, and Blasic's cross motion for summary judgment will be denied; and the Defendants' motion for summary judgment and the Plaintiffs' motion for leave to file a surreply will be granted. The Court will decline supplemental jurisdiction over the state law claims. *See Jinks v. Richland County*, 538 U.S. 456, 460 (2003).

## I.    BACKGROUND

CAC, a native corporation, was formed under the Alaska Native Claims Settlement Act ("ANCSA"). *See* 43 U.S.C. §1601 *et seq*. (2006). As such, CAC is a federally recognized Native American tribe. *See* 25 U.S.C. §450b(e) (2006).

The Plaintiffs are former employees of CSSI, a subsidiary of CAC. *See* Amended Complaint at ¶¶4-10. With the exception of Blasic, a Caucasian male, the Plaintiffs are Hispanic. *See id.* at ¶¶ 4-8. The Hispanic Plaintiffs allege that they were discriminated against based upon their national origin. *See id.* at ¶¶ 12, 13, 16, 17, 18. They allege that they were subjected to a hostile work environment, discriminatory terms and conditions of employment, unequal compensation and unlawful termination. *See id.*

Plaintiff Blasic alleges that he was terminated in retaliation for his opposition to the discriminatory practices. *See id.* at ¶37.

The Plaintiffs filed timely charges with the Equal Employment Opportunity Commission and were issued right to sue letters. *See id.* at ¶11.

On December 27, 2004, the Plaintiffs brought this suit.

II. LEGAL DISCUSSION

A.        Motion for Reconsideration

On November 7, 2005, the Court dismissed Aleman's and Basilis's claims for lack of subject matter jurisdiction. Specifically, the Court ruled that their claims were subject to the arbitration procedures contained in the Collective Bargaining Agreement ("CBA").

Under Federal Rule of Civil Procedure 59(e), a court may grant a motion for reconsideration to: 1) accommodate an intervening change in controlling law; 2) account for new evidence previously unavailable; or 3) correct a clear error of law or prevent manifest injustice. *Bogart v. Chapell,* 396 F.3d 548 (4th Cir. 2005). A court may amend a final judgment under Rule 60(b) for, *inter alia,* mistake, inadvertence, surprise, excusable neglect or newly discovered evidence. Federal Rule of Civil Procedure 60(b).

The Plaintiffs have moved for reconsideration arguing that they have a good faith belief that further evidence exists

which will demonstrate that their claims are not covered by the CBA.

The Plaintiffs have failed to offer new evidence, show a change in intervening law or demonstrate clear error on the part of the Court.   Accordingly, their motion for reconsideration of the November 7, 2005 order will be denied.[4]

B.          Motion for Summary Judgment

1.    Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."   A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.   Thus, "the judge must ask ... whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and the reasonable

---

[4]The Defendants have moved to strike the Plaintiffs' reply to their motion for reconsideration.  As the Court will deny the motion for reconsideration, the motion to strike will be denied as moot.

inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). A "scintilla" of evidence is not sufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

2.   Immunity from Suit

The Defendants contend that summary judgment is appropriate because they are immune from suit under Title VII and Section 1981.[5]

Title VII expressly exempts tribes from the statutory definition of an employer. *See* 42 U.S.C. §2000e(b). Moreover, the ANCSA also exempts native corporations and their subsidiaries from Title VII.   *See* 43 U.S.C. §1626(g).   Although the Plaintiffs concede that the Defendants are immune from Title VII liability, they argue that the immunity is inapplicable to their Section 1981 claims.   Specifically, they contend that Section 1981 does not contain an exemption for tribes or native corporations.

Employment discrimination claims under Section 1981 and Title VII are analyzed under identical standards.   *See Bryant v.*

---

[5]Interestingly, the Defendants raised this defense for the first time in their reply brief. The Plaintiffs filed a motion for leave to file a surreply and attached a proposed surreply. The Court has accepted and considered the Plaintiffs' surreply.

*Aiken Reg'l Med. Cen. Inc.,* 333 F.3d 536, 545 (4th Cir. 2003), *cert. denied,* 540 U.S. 1106 (2004).  The Plaintiffs, therefore, cannot circumvent the Title VII exemption by bringing an employment discrimination claim under Section 1981.  *See Yashenko v. Harrah's NC Casino Company, LLC*, 352 F. Supp. 2d 653, 664 (D. Md. 2005) (*citing N.L.R.B. v. Pueblo of San Juan,* 280 F.3d 1278, 1284 (10th Cir. 2000) (exclusion of Indian tribes from Title VII coverage precludes § 1981 employment discrimination claim against a federally recognized tribe).

Accordingly, the Defendants' motion for summary judgment will be granted, and Blasic's cross motion for summary judgment will be denied.

CONCLUSION

For the reasons discussed above, the Plaintiffs' motion for reconsideration, the Defendants' motion to strike and Basilis' cross motion for summary judgment will be denied; and the Plaintiffs' motion to file surreply and the Defendants' motion for summary judgment will be granted.

March 28, 2006 _____/s/_____
Date                William D. Quarles, Jr.
                    United States District Judge