IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| JOSE ALEMAN, ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO.: WDQ-04-4022 |
| CHUGACH SUPPORT SERVICES, INC., ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Jose Aleman, Cesar Basilis, James Blasic, Carlos Borrayo, and Mario Rodas sued Chugach Support Services, Inc. ("CSS") and Chugach Alaska Corporation ("Chugach") for violations of 42 U.S.C. § 1981,[1] and Title VII of the Civil Rights Act of 1964.[2] In two separate rulings, the Court dismissed Aleman and Basilis's claims, and granted summary judgment on Borrayo, Rodas, and Blasic's claims. Paper Nos. 63, 103. Plaintiffs appealed, and the Fourth Circuit affirmed the Court's dismissal of Aleman and Basilis's claims, but reversed and remanded the Court's summary judgment ruling against Blasic.[3] *Aleman v. Chugach Support*

---

[1] 42 U.S.C. § 1981 (2000).

[2] 42 U.S.C. §§ 2000e *et seq.* (2000).

[3] On February 27, 2007, Borrayo and Rodas voluntarily dismissed their claims with prejudice. *See Aleman v. Chugach*

1

*Servs., Inc.*, 485 F.3d 206 (4th Cir. 2007). Pending is Defendants' motion for leave to resume Blasic's deposition, supplement its opposition to Blasic's pending cross-motion for summary judgment, and to file an additional dispositive motion. For the following reasons, Defendants' motion will be granted, but only for the limited purpose of addressing Blasic's changed damages claim.

I.  Background

On October 22, 2003, Blasic, a Caucasian male, was fired from his employment as a finance manager at CSS, a subsidiary of Chugach.[4] Blasic alleges that CSS violated federal antidiscrimination statutes by terminating him for complaining to Chugach's corporate office about discrimination against Hispanic and non-Caucasian employees at CSS. The Fourth Circuit reversed the Court's summary judgment ruling on Blasic's retaliation claim under 42 U.S.C. § 1981 (2000), *see Aleman*, 485 F.3d at 212, leaving Blasic's cross-motion for summary judgment for review.

On September 24, 2007, the parties filed a joint status report. Paper No. 112. Blasic requested that the Court rule on his pending cross-motion for summary judgment, and Defendants indicated their intention to request that discovery be reopened.

---

*Support Servs., Inc.*, No. 06-1461 (4th Cir. Feb. 27, 2007).

[4] Chugach is an Alaska Native Corporation that is owned by Native Alaskans and their devisees.

On September 27, 2007, the Court notified the parties that a ruling on Blasic's motion would be deferred until discovery requests had been resolved.

II.  Analysis

A. Defendants' Request to Reopen Discovery

Defendants request that the Court reopen discovery so that they can further depose Blasic.  Specifically, Defendants contend that the passage of time since Blasic's deposition and the change in the law caused by the Fourth Circuit's decision favor reopening discovery.  Blasic does not oppose additional discovery on the issue of damages, but asserts that Defendants' request to reopen discovery on other issues is unwarranted.

Control of the scope and conduct of discovery is within the discretion of the trial court.  *Erdmann v. Preferred Research, Inc.*, 852 F.2d 788, 792 (4th Cir. 1988).  The Fourth Circuit recently explained that requests to supplement discovery on remand after the expiration of pre-trial discovery orders are governed by the excusable neglect standard of Rule 6(b)(2).  *See Colony Apartments v. Abacus Project Mgmt., Inc.*, 197 F. App'x 217, 224 (4th Cir. 2006) (per curiam).  Courts consider four factors under the excusable neglect standard: (1) the danger of prejudice to the non-movant; (2) the length of delay and its possible impact on judicial proceedings; (3) the rationale for the delay; and (4) whether the movant acted in good faith.  *Id.*

3

at 223.  The third factor--reason for delay--is the most important, and whether to grant an enlargement of time to the movant rests in the discretion of the trial court.  *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 532-34 (4th Cir. 1996).

Defendants argue that they complied with previous discovery deadlines and that Blasic will not be prejudiced by an additional deposition.  Defendants also contend that the additional discovery they seek could not have been acquired during the original discovery period because it relates to substantive matters that were newly addressed in the Fourth Circuit's opinion.  Although Defendants arguably have established excusable neglect, the Court retains the discretion to decide whether discovery should be reopened.  *See Thompson*, 76 F.3d at 532 n.2.

The Fourth Circuit did not create any new law or legal standard for the Court to apply on remand.  Rather, the court held that the exemptions available for Alaska Native Corporations under Title VII were not applicable to § 1981 claims.  *See Aleman*, 485 F.3d at 212.  The *Aleman* court cited Fourth Circuit and Supreme Court precedent that the Title VII analysis applicable to retaliation claims applies to Blasic's retaliation claim.  The parties have sufficiently discussed Blasic's claims in their prior motions.  *See* Paper Nos. 92, 94, 98.

Defendants also contend that additional discovery is

4

warranted because they raised new arguments on appeal. Specifically, Defendants request additional discovery to discern whether Blasic met the requirements for a retaliation claim and whether Blasic can succeed under a mixed-motive framework. These issues were raised and addressed by the parties on summary judgment. Additional discovery for issues that were not dispositive on appeal is unwarranted. As Blasic does not object to a limited inquiry concerning his updated damages, discovery will be limited to that issue. Accordingly, Defendants' motion to reopen discovery and depose Blasic will be granted, but limited to Blasic's damages.

B. Defendants' Request to Supplement Prior Motions and File New Motions

Defendants assert that they should be able to file additional motions because the Fourth Circuit altered the law and raised new issues, and allowing supplemental motions will increase the probability of pretrial resolution of the case. As previously discussed, the *Aleman* court did not change the legal standard for retaliation claims, but rather found that Native Alaska Corporations were not exempt from § 1981 liability. Furthermore, permitting Defendants to file supplemental merits motions risks needlessly prolonging this litigation. *See E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 711 F. Supp. 1205, 1212 n.24 (D. Del. 1989). As discovery has been reopened for the limited purpose of exploring Blasic's damages claims,

5

Defendants' request to file supplemental motions will be granted, but limited to address changes in Blasic's damages.

III. Conclusion

For the reasons discussed above, Defendants' motion will be granted.

<u>November 20, 2007</u>            <u>          /s/                    </u>
Date                                       William D. Quarles, Jr.
                                        United States District Judge